IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER GILCREST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:20-CV-854-SLB-KFP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christopher Gilcrest is before the Court with his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, in which he raises claims for relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 1.[1] For the reasons discussed below, the Court RECOMMENDS that Gilcrest's § 2255 motion be denied without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.     BACKGROUND**

On June 13, 2017, a jury found Gilcrest guilty of possessing ammunition after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Crim. Doc. 64. A sentencing hearing was held on November 16, 2017, after which the district court sentenced Gilcrest to 120 months in prison. Crim. Doc. 99. Gilcrest filed an appeal with the Eleventh Circuit. Crim. Doc. 78. After Gilcrest filed his opening brief, the Supreme Court held in *Rehaif v.*

---

[1] References to documents filed in this § 2255 proceeding are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:16-CR-562-SLB) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the original versions as presented for filing.

*United States*, 139 S. Ct. 2191, 2200 (2019), that the Government must prove that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm [or ammunition]" in order to convict under 18 U.S.C. § 922(g). On Gilcrest's motion, the Eleventh Circuit ordered supplemental briefing about the effect, if any, of *Rehaif* on Gilcrest's appeal. The issue was briefed by both parties, and on November 25, 2019, the Eleventh Circuit issued an opinion upholding Gilcrest's conviction and sentence. *United States v. Gilcrest*, 792 F. App'x 734 (11th Cir. 2019) (per curiam).

On October 22, 2020, Gilcrest, proceeding pro se, filed this § 2255 motion claiming he is entitled to vacatur of his felon-in-possession conviction in light of *Rehaif* because (1) the indictment did not allege he knew his status as a convicted felon when he possessed the ammunition and (2) the district court did not instruct the jury that such knowledge is an element of the charged offense. Doc. 1 at 4–8; *see* Doc. 13.

**II.    DISCUSSION**

    **A.    Supreme Court's Holding In *Rehaif***

Under 18 U.S.C.§ 922(g)(1), it is unlawful for a person "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." A related provision, § 924(a)(2), adds that anyone who "knowingly violates" this prohibition shall be fined or imprisoned for up to 10 years. Before *Rehaif*, to secure a felon-in-possession conviction under § 922(g)(1), the government had to prove (1) that the defendant "knowingly possessed a firearm or ammunition," (2) that the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year," and (3) that the

firearm or ammunition "was in or affecting interstate commerce." *See, e.g., United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). In *Rehaif*, however, the Supreme Court extended the knowledge requirement to the second of these factors, so that the government must now prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm [or ammunition]" at the time of possession. 139 S. Ct. at 2200. *Rehaif* requires that the government prove the defendant knew his status as a convicted felon when he possessed the firearm or ammunition. "It does not require the government to prove that the defendant knew that being a felon prevent[ed] him from possessing a firearm [or ammunition]." *Lackland v. United States*, 2021 WL 50775 at *3 (N.D. Ala. Jan. 6, 2021).

Gilcrest contends that his indictment was legally insufficient because it did not include the additional mens rea element identified in *Rehaif*. According to Gilcrest, the district court lacked jurisdiction to hear his case because of his legally insufficient indictment. Doc. 1 at 4–8. Gilcrest further asserts that the district court's failure to instruct the jury that the government had to prove he knew he was a convicted felon when he possessed the ammunition invalidates his conviction in light *Rehaif*. *Id*. at 4, 7. The government responds that Gilcrest's claims are procedurally barred because they were heard and decided against him in his direct appeal. Doc. 9 at 4–5.

**B.     Gilcrest's *Rehaif*-Based Claims Are Procedurally Barred.**

A district court does not have to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). Indeed, if a claim

3

has been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *Nyhuis*, 211 F.3d at 1343. Here, Gilcrest's § 2255 claims were raised in his direct appeal, where they were decided against him. The Eleventh Circuit addressed those *Rehaif*-based claims as follows:

> In his supplemental brief, Gilcrest contends that we must vacate his conviction in light of *Rehaif*. He challenges his indictment because it does not allege that he knew he was a felon at the time he possessed ammunition. He also asserts that there was no evidence presented at trial showing he knew he was a felon when he possessed ammunition, and that the district court erred when it failed to instruct the jury that such knowledge is an element of the offense.
>
> Because Gilcrest raises those challenges for the first time on appeal, our review is only for plain error. *See United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019) (to be published). Gilcrest argues in his supplemental brief that we should review his evidentiary challenge de novo because he preserved error by making a "general" motion for judgment of acquittal in the district court. But the record shows that he actually made a specific challenge to the sufficiency of the evidence connecting him to the shell casings found at the scene of the shooting. "When a defendant raises specific challenges to the sufficiency of the evidence in the district court, but not the specific challenge he tries to raise on appeal, we review his argument for plain error." *United States v. Baston*, 818 F.3d 651, 664 (11th Cir. 2016).
>
> To prevail under plain error review, Gilcrest must establish that the asserted error affected his substantial rights. *See Reed*, 941 F.3d at 1021. We may consult the entire record when considering the effect of an error on Gilcrest's substantial rights. *Id*.; *see United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993) (stating that ordinarily, for a court to correct unpreserved error, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings").
>
> The record shows that at the time of the offense, Gilcrest knew he had been convicted of a crime punishable by more than a year in prison because he had served more than a year in prison on more than one occasion. He also had a prior conviction for possessing a firearm as a felon, which was enough on its own to inform him of his status. Gilcrest admitted those facts at sentencing by failing to object to the relevant parts of the Presentence Investigation Report. *See Reed*, 941 F.3d at 1022. And at trial he stipulated

4

> to being a felon at the time of the offense. Because the record establishes that Gilcrest knew he was a felon when he possessed ammunition, any error under *Rehaif* did not affect his substantial rights. His challenge fails under plain error review.

792 F. App'x at 739.

Gilcrest cannot relitigate his *Rehaif*-based claims through his § 2255 motion because those claims were raised on direct appeal and were decided against him by the Eleventh Circuit. *See Nyhuis*, 211 F.3d at 1343. His claims are procedurally barred from collateral review.

The Court notes that the Eleventh Circuit, when assessing claims brought under *Rehaif*, has held that omission of the knowledge-of-status element from an indictment alleging a violation of § 922(g)(1) is not a fatal jurisdictional defect if the language of the indictment sufficiently tracks the language of the statute. *See United States v. Moore*, 954 F.3d 1322, 1333, 1336–37 (11th Cir. 2020); *United States v. Morales*, 987 F.3d 966, 978–79 (11th Cir. 2021). Although Gilcrest's indictment (Crim. Doc. 4) did not explicitly allege he knew of his status as a convicted felon, it did track—and directly reference—18 U.S.C. § 922(g)(1), which provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]" *See* 18 U.S.C. § 922(g)(1). Because Gilcrest's indictment sufficiently tracked the language of the statute, the alleged deficiency in the indictment did not deprive the district court of jurisdiction to hear his case.

This Court further notes that the Eleventh Circuit has also held, when faced with a *Rehaif*-based argument, that omission of the knowledge-of-status element from a jury instruction on a felon-in-possession charge does not affect a defendant's substantial rights where the record demonstrates that it would have been implausible for the defendant not to have been aware of his felon status. *See United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019). As reflected in the appellate court's findings when affirming Gilcrest's conviction, the record in Gilcrest's case demonstrates that it would have been implausible for Gilcrest not to have been aware of his felon status when he possessed the ammunition. The Eleventh Circuit noted that "Gilcrest knew he had been convicted of a crime punishable by more than a year in prison because he had served more than a year in prison on more than one occasion" and that "[h]e also had a prior conviction for possessing a firearm as a felon, which was enough on its own to inform him of his status." *See* 792 F. App'x at 739. Omission of the knowledge-of-status element from Gilcrest's jury instruction did not affect his substantial rights.

## III.   CONCLUSION

For the reasons set out above, the Magistrate Judge RECOMMENDS that the 28 U.S.C. § 2255 motion filed by Gilcrest be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Further, it is ORDERED that by **September 1, 2023**, the parties may file written objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The

parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11TH CIR. R. 3-1.

Done this 18th day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE